| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| HAROLD VEN-NOY DAVIS, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-09-1337 |
| RICK THALER *ET AL.*, | § § | |
| Defendants. | § § | |

## Opinion on Dismissal

Harold Ven-Noy Davis sues Prison Director Rick Thaler, Chaplaincy Director Bill Pierce, and the Texas Department of Criminal Justice for violating his civil rights. The defendants move for summary judgment.

1. *Claims*

Davis is a Christian Nazarite. The Bible says that he must "let the locks of his head hair grow" and "shall not round .... the corners of thy beard." He says he has worn shoulder-length hair and a full beard in prison in compliance with his Nazarite religion. Prison officials have proposed to cut his hair with force since 2006.

On February 26, 2009, guards pulled Davis out of his cell and cut his hair and beard. The guards did this to comply with prison grooming standards. This violated a tenet of Davis's religion. In his supplemental statement, Davis says Lieutenant Curtis told him that he would beat him if he did not let guards cut his hair.

Davis states that he has never had contraband in his hair and has never tried to escape. Davis contends prison grooming standards are based on exaggerated penological interests. He says federal prisons and many state prisons have the same penological interests as Texas prisons, but these other prisons do not violate prisoners' religious rights concerning hair and beards. Davis claims that the prison grooming standards violate his right to the free exercise of his religion and the Religious Land Use and Institutionalized Persons Act of 2000. 42 U.S.C. § 2000cc-1, et seq. He also claims physical and emotional injuries.

*2. Defendants' Contentions*

To show a violation of RLUIPA, a plaintiff must show "a substantial burden on [his] religious exercise ... unless the government demonstrates that ... the burden ... (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that ... interest." 42 U.S.C. § 2000cc-1. The defendants submit evidence that beards and long hair would cause significant problems in identifying prisoners, including matching their appearance with their identification card. Motion for Summary Judgment, Ex. D, Stephens aff., pp. 1-2, ¶ 1 (43-4, 2-3). If inmates were allowed to change their appearance, the prison would need to re-photograph a prisoner each time he changed his appearance. *Id.*

Prison officials also submit evidence that contraband, including drugs and weapons, may be hidden in beards and long hair. *Id.* They show that allowing prisoners to run their fingers through their hair or beard is not a viable alternative. *Id.*, ¶ 2. They also show that enforcing discipline on prisoners would be adversely affected. *Id.*, ¶ 3. Prison officials state that dealing with gangs would be hampered. *Id.*, ¶ 4. Finally, officials show they have no reasonable alternative to meeting their interests in the safety and security of inmates and prison employees. *Id.*, ¶ 6.

The defendants contend they have shown a compelling interest in cutting Davis's hair and beard based on their need for prison safety and security. They also argue they have shown it was the least restrictive means of fulfilling that need. The defendants maintain they have shown the absence of any facts material to Davis's claims.

*3. Davis's Response*

Davis was a Nazarite long before he came to prison in November 2001. Prison officials have persecuted him since December 2002. The Nazarite tenets of long hair and beard are vital requirements of his religion. Davis says the guards injured him when they cut his hair by force. Davis says that photographs of prisoners would help with identification. He states female inmates in Texas prisons have no hair-length rule. He says officials do not take multiple photographs of female prisoners and do not renew their identification cards when they change their hair length. He argues that multiple images, showing different hair lengths, would help after an escape.

Davis contends that in most prisons, the male prisoners are allowed to wear long hair and beards. He explains that in other states safe searches of prisoners with long hair are made by the

prisoner himself or by medical staff. Davis cites *Cutter v. Wilkinson*, 544 U.S. 709 (2005). He says the Supreme Court wrote that: "the federal Bureau of Prisons has managed the largest correctional system in the Nation under the same heightened scrutiny standard as RLUIPA without compromising prison security, public safety, or the constitutional rights of other prisoners." *Id.*, at 725. Davis does not acknowledge that in this passage from *Cutter*, the Supreme Court was quoting from a Bureau of Prisons brief.

4. *Analysis*

In *Longoria v. Dretke*, 507 F.3d 898, 900 (5th Cir. 2007), the Fifth Circuit confronted a claim by a Native American that the TDCJ violated RLUIPA by not allowing him to grow his hair long. The Court of Appeals upheld the Texas prison grooming policy which Davis attacks here. *Id.*, 901. Under the summary judgment evidence and the *Longoria* holding, Davis does not show a violation of RLUIPA.

The prison's grooming policy also does not violate the Free Exercise Clause. *Smith v. Allen*, 502 F.3d 1255, 1264 (11th Cir. 2007) ("If a ... regulation passes muster under RLUIPA, ... it ... satisf[ies] the requirements of the First Amendment, since RLUIPA offers greater protection to religious exercise than the First Amendment"). Davis's claim that guards injured him is conclusory. Davis fails to raise facts material to his claims under the Free Exercise Clause and RLUIPA.

5. *Conclusion*

The summary judgment record does not raise any facts material to Davis's claims. The defendants' motion for summary judgment (43) is granted.

Signed  10-06 , 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge